IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAO-MSO RECOVERY II, LLC, <br> MSP RECOVERY, LLC, and <br> MSPA CLAIMS 1 LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, and <br> ESURANCE PROPERTY AND CASUALTY <br> INSURANCE COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 17-cv-01340 <br> No. 17-cv-02370 <br><br> Judge Andrea R. Wood |

## MEMORANDUM OPINION

Plaintiffs, alleged assignees of legal claims held by numerous unidentified Medicare Advantage Organizations, have filed these two putative class action lawsuits against Defendants Allstate Insurance Company ("Allstate") and Esurance Property and Casualty Insurance Company ("Esurance"). In both cases, Plaintiffs seek double recovery under the Medicare Secondary Payer provisions of the Medicare Act, 42 U.S.C. § 1395y(b)(2)–(3) ("MSP provisions"), for reimbursement of medical expenses that Plaintiffs allege various Medicare Advantage Organizations paid on behalf of Medicare beneficiaries despite Defendants' obligation to pay under the MSP provisions. The class action complaints are virtually identical, involving the same plaintiffs, defendants, allegations, and claims for relief, except for the presence of an additional contract claim in case number 1:17-cv-01340. Defendants have moved to dismiss all claims in both cases pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] arguing that Plaintiffs fail to

---

[1] In case number 17-cv-01340, Defendants' Motion to Dismiss is docket number 31. In case number 17-cv-02370, Defendants' Motion to Dismiss is docket number 20.

state a claim for relief. In the alternative, Defendants have also filed motions to dismiss or strike the class allegations in both complaints.[2] For the reasons discussed below, Defendants' motions to dismiss are granted without prejudice, and Defendants' motions to dismiss or strike the class allegations are therefore denied as moot.

## BACKGROUND[3]

The MSP provisions of the Medicare Act attempt "to reduce Medicare costs by making the government a secondary provider of medical insurance when a Medicare recipient has other sources of primary insurance coverage." *Brown v. Thompson*, 374 F.3d 253, 257 (4th Cir. 2004). To accomplish this, the MSP provisions shift responsibility for medical payments to other health plans—including no-fault and liability insurers, which are considered "primary plans"—by prohibiting Medicare from making a payment where "payment has been made, or can reasonably be expected to be made" by a primary plan. 42 U.S.C. § 1395y(b)(2)(A)(i). In those circumstances, Medicare may make a "conditional payment" if a primary plan "has not made or cannot reasonably be expected to make payment . . . promptly." 42 U.S.C. § 1395y(b)(2)(B)(i). Conditional payments are made with the expectation that the primary plan will later reimburse Medicare if the primary plan is responsible for the cost. *Id*. The MSP provisions permit a private action for double damages by an injured party where the primary plan "fails to provide for primary payment (or appropriate reimbursement)." 42 U.S.C. § 1395y(b)(3)(A); *see also Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1234 (11th Cir. 2016) (noting that

---

[2] In case number 17-cv-01340, Defendants' Alternative Motion to Dismiss or Strike Class Allegations is docket number 33. In case number 17-cv-02370, Defendants' Alternative Motion to Dismiss or Strike Class Allegations is docket number 22.

[3] For the purposes of Defendants' motions to dismiss, the Court accepts the well-pleaded allegations in Plaintiffs' complaints as true and draws all reasonable inferences in Plaintiffs' favor. *See, e.g., Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

paragraph (3)(A) is not a *qui tam* statute but is instead available only when the plaintiff has suffered an injury in fact).

Plaintiffs here purport to be assignees of such recovery rights originally held by numerous unidentified Medicare Advantage Organizations ("MAOs"). MAOs are private health insurers that have entered into contracts with Centers for Medicare and Medicaid Services ("CMS") to provide Medicare benefits to Medicare beneficiaries. (Case No. 17-cv-01340, First Am. Compl., Dkt. No. 26 (hereinafter, "FAC I") at ¶¶ 18–19 (citing 42 U.S.C. §§ 1395w-21, 1395w-23).) Part C of the Medicare Act gives Medicare beneficiaries the option of receiving Medicare benefits through these MAOs. (*Id.*) The MAOs pay healthcare providers directly for the care received by Part C enrollees in exchange for a fixed payment from the government. (*Id.*) MAOs are permitted to "exercise the same rights [as the government] to recover from a primary plan, entity, or individual . . . under the MSP regulations." (*Id.* at ¶ 25 (quoting 42 C.F.R. § 422.108(f)).) Plaintiffs allege that "numerous" unidentified Medicare beneficiaries were members of the unidentified MAOs that have assigned their rights to Plaintiffs.

In case number 17-cv-01340 ("Auto Insurance Case"), Plaintiffs allege that these Medicare beneficiaries were also insured under no-fault automobile insurance policies issued by either Allstate or Esurance. (FAC I at ¶ 51.) The Medicare beneficiaries were involved in automobile accidents in the United States that caused them to require medical services. (*Id.* at ¶ 52.) Plaintiffs allege that the cost of the medical services was required to be paid by Allstate or Esurance as primary plans under the MSP provisions, but that instead the Medicare beneficiary's MAO paid and Defendants failed to reimburse the MAO. (*Id.* at ¶ 52.) Plaintiffs now seek double damages pursuant to the MSP provisions for Defendants' failure to pay for or reimburse the costs of medical services paid for by the MAOs. In the Auto Insurance Case, Plaintiffs also assert a

breach of contract claim, alleging that Defendants breached their insurance contracts with their insureds when they failed to meet their contractual obligation of paying no-fault benefits, including medical expenses arising out of automobile accidents. (FAC I at ¶¶ 82–86.) The complaint further alleges that, pursuant to federal Medicare regulations, MAOs are subrogated to the insureds' rights to recover from Defendants for such breach. (*Id*. at ¶ 82 (citing 42 C.F.R. § 411.26, which provides that "[w]ith respect to services for which Medicare paid, CMS is subrogated to any individual, provider, supplier, physician, private insurer, State agency, attorney, or any other entity entitled to payment by a primary payer").)

In case number 17-cv-02370 ("Tort Settlement Case"), Plaintiffs allege that Medicare beneficiaries receiving Medicare benefits from unidentified MAOs were injured in incidents involving tortfeasors insured by Defendants. (First Am. Compl., Dkt. No. 16 ("FAC II") at ¶ 17.) The incidents caused the Medicare beneficiaries to require medical services, which were paid for by the Medicare beneficiaries' MAOs. (*Id*. at ¶ 47.) When the tortfeasors and Medicare beneficiaries entered into settlements to resolve claims against the tortfeasors, Defendants indemnified their insureds by making settlement payments to the Medicare beneficiaries. (*Id*. at ¶¶ 17, 48.) The settlements triggered Defendants' obligation under the MSP provisions to make primary payment for the Medicare-eligible medical services paid for by the MAOs, but Defendants failed to reimburse the MAOs. (FAC II at ¶¶ 1, 17, 48.) Like in the Auto Insurance Case, Plaintiffs seek double damages pursuant to the MSP provisions for the Defendants' failure to pay for or reimburse the cost of the medical services paid for by the MAOs.

The complaints in the two actions do not allege any facts about Plaintiffs other than their places of incorporation and business and that, for each named Plaintiff, "[n]umerous MAOs have assigned their recovery rights to assert the causes of action alleged in this Complaint to Plaintiff.

As part of those assignments, Plaintiff is empowered to recover reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by Defendants." (FAC I at ¶¶44–46; FAC II at ¶¶ 41–43.) Similarly, in both complaints, the only allegation involving a particular Medicare beneficiary or MAO states that "[t]he representative MAOs are [redacted]. The representative Medicare Beneficiary is [initials]" and further explains that the name of the Medicare Beneficiary and corresponding MAO are not provided pursuant to HIPAA. (FAC I at ¶ 58; FAC II at ¶ 50.)

Plaintiffs purport to bring claims on behalf of putative classes that include "[e]ntities that contracted directly with Centers for Medicare and Medicaid Services ('CMS') and/or their assignees pursuant to Medicare part C, including but not limited to, MAOs and other similar entities, to provide Medicare benefits through a Medicare Advantage Plan . . ." and that made payments for benefits that should have been paid by Defendants as primary plans under the MSP provisions. (FAC I at ¶ 59; FAC II at ¶ 51.) As discussed further below, Plaintiffs have brought at least ten sets of nearly identical lawsuits against different insurer defendants in various district courts across the country.[4]

**DISCUSSION**

To survive a Rule 12(b)(6) motion to dismiss, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

---

[4] *See MAO-MSO Recovery II, LLC v. Mercury General*, Case Nos. CV 17-02525 and CV 17-2557 (C.D. Cal. 2017); *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, Case Nos. 2:17-cv-2522 and 2:17-cv-2559 (C.D. Cal. 2017); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-cv-20946 (S.D. Fla. 2017); *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto Ins. Co.*, Case Nos. 1:17-cv-01537 and 1:17-cv-01541 (C.D. Ill. 2017); *MAO-MSO Recovery II, LLC v. Am. Family Mutual Ins. Co.*, Case Nos. 17-cv-175-jdp and 17-cv-262-jdp (W.D. Wis. 2017); *MAO-MSO Recovery II, LLC v. Erie Indemnity Co.*, Case No. 17-cv-00081 (W.D. Pa.); *MAO-MSO Recovery II, LLC v. Gov't Emps. Ins. Co. (GEICO)*, Case Nos. 2:17-cv-263 and 2:17-cv-164 (D. Md. 2017); *MAO-MSO Recovery II, LLC v. Nationwide Mutual Ins. Co.*, Case Nos. 2:17-cv-263 and 2:17-cv-164; *MAO-MSO Recovery II, LLC v. Infinity Prop. & Cas. Grp.*, Case No. 2:17-cv-00513-KOB (N.D. Ala. 2017).

550 U.S. 544, 555 (2007). In addition, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Silha v. ACT, Inc.,* 807 F.3d 169, 173 (7th Cir. 2015). That is, the "well-pleaded allegations must 'plausibly give rise to an entitlement of relief.'" *Id*. at 174 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "[T]he plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). While the Court accepts the complaint's factual allegations as true, it is not required to accept the complaint's legal conclusions. *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

I.     **Prudential Standing**

Defendants argue that the complaints should be dismissed because Plaintiffs have not pleaded any facts regarding any specific assignment to Plaintiffs of recovery rights from any particular MAO in connection with any particular Medicare beneficiary. Defendants' argument appears to be a challenge to Plaintiffs' prudential standing to bring these lawsuits.[5]

Prudential limitations on standing require that "in general, the plaintiffs must assert their own legal rights and interests, and cannot rest their claims to relief on the legal rights or interests of third parties." *G & S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975).)[6] This requirement "is similar to the

---

[5] In any event, courts are free to raise prudential standing considerations *sua sponte*. *See, e.g.*, *Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 757 (7th Cir. 2008) ("[T]he court may raise an unpreserved prudential-standing question on its own, but unlike questions of constitutional standing, it is not obligated to do so.").

[6] In *Lexmark International, Inc. v. Static Control Components, Inc.*, the Supreme Court held that the inquiry of whether a plaintiff falls within the 'zone-of-interests' protected by a particular statute should no longer be considered a prudential standing issue. 134 S. Ct. 1377, 1386–87 (2014). The Court did not call

requirement of Federal Rule of Civil Procedure 17 that every action must be prosecuted in the name of the real party in interest." *Id.* at 541; *see also RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010) ("Because prudential limitations include concerns about a claim's rightful owner, [the Seventh Circuit has] described Rule 17(a) as a codification of this non-constitutional limitation on standing."). Like constitutional standing, a plaintiff must allege facts to satisfy the prudential requirements of the standing doctrine. *Family & Children's Ctr., Inc. v. Sch. City of Mishawaka*, 13 F.3d 1052, 1058 (7th Cir. 1994). Because prudential standing does not implicate a court's subject-matter jurisdiction, arguments regarding lack of prudential standing are properly evaluated under the rubric of a motion for failure to state a claim under Rule 12(b)(6). *See, e.g.*, *Siegel v. HSBC Holdings PLC*, Case No. 15-cv-10139, 2017 WL 3521387, at *6 (N.D. Ill. Aug. 14, 2017). That is, Plaintiffs must allege sufficient factual matter, accepted as true, to nudge their claim that they are assignees of the rights at issue "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Llano Fin. Grp., LLC v. Lendzion*, No. 15 C 7091, 2016 WL 930660, at *4 (N.D. Ill. March 11, 2016) (dismissing complaint for lack of prudential standing because the plaintiff "failed to plead with the clarity necessary to establish that it is actually the assignee of the claims it alleges" and finding that "because of the paucity of factual information on this point in the complaint, it is impossible for the Court to determine whether [alleged assignors] have fully relinquished the right to sue that [plaintiff] asserts.").

Here, Plaintiffs' only allegations regarding the alleged assignments are that "[n]umerous MAOs have assigned their recovery rights to assert the causes of action alleged in this Complaint to Plaintiff. As part of those assignments, Plaintiff is empowered to recover reimbursement of Medicare payments made by the MAOs that should have been paid, in the first instance, by

---

into question the separate prudential standing inquiry regarding "the general prohibition on a litigant's raising another person's legal rights," *Id.* at 1386, at issue here.

7

Defendants." (FAC I at ¶¶ 44–46; FAC II at ¶¶ 41–43.) Both complaints also state that "Plaintiffs have been assigned all legal rights of recovery and reimbursement for health care services and Medicare benefits provided by health care organizations that administer Medicare benefits for enrollees under Medicare Part C . . . ." (FAC I at ¶ 47; FAC II at ¶ 44.)

The conclusory nature of these assignment allegations is highlighted by the fact that the same, verbatim allegation is cut and pasted for each Plaintiff and across both complaints, without any pleaded facts regarding the identity of the MAO(s) that assigned the rights; which Plaintiff received assignments from which MAO(s); the date, format, or any other characteristic of the assignment; the actual rights assigned; or whether those assignments include claims against the particular Defendants named in the complaint. Indeed, the ***same allegations***—without any reference to facts particular to any Plaintiff, any MAO, any defendant, or any assignment— ***appear in at least ten other lawsuits*** brought by Plaintiffs against other insurer defendants and filed in district courts across the country.[7] The Court does not need to accept bare legal assertions as true.[8] *Twombly*, 550 U.S. at 570; *Llano Fin. Grp.*, 2016 WL 930660, at *4. Like seven other district court judges across the country, this Court finds that Plaintiffs have not pleaded facts

---

[7] *See* footnote 4, *supra*.

[8] *Ploog v. HomeSide Lending, Inc.*, 209 F. Supp. 2d 863, 872 (N.D. Ill. 2002), cited in Plaintiffs' opposition briefs, does not suggest otherwise. Plaintiffs cite *Ploog*'s language that "[Plaintiff-assignee] was only required to allege that [assignor] had assigned his interest to her, and attachment of the assignment to the complaint is not necessary for notice pleading." *Id*. But the assignment allegations in *Ploog* contained facts that, at the very least, suggested that a particular individual with a particular injury assigned a particular interest in a claim against a particular defendant to a particular plaintiff. *Id*. Here, as discussed, Plaintiffs do not allege facts suggesting anything of the sort. Further, the defendant in *Ploog* did not challenge the sufficiency of the allegations regarding the assignment but rather argued that the plaintiff's claim that he was the assignee was deficient because he did not attach the assignment to the complaint—an argument that the court rejected with the language quoted above. Plaintiffs' citation to *MSP Recovery, LLC v. Allstate Insurance Co.*, 835 F.3d 1351 (11th Cir. 2016), is similarly unavailing because in that case, the Eleventh Circuit's holding that the alleged assignments were valid was unrelated to the sufficiency of the allegations—rather, the court rejected the defendants' argument that the assignments were invalid because federal law generally prohibits assignment of contracts between the federal government and third parties.

sufficient to nudge their allegations regarding assignments "across the line from conceivable to plausible" as required to survive a Rule 12(b)(6) motion.[9] *Twombly*, 550 U.S. at 570. The complaints must therefore be dismissed for lack of prudential standing. *See, e.g.*, *Doermer v. Callen*, 847 F.3d 522, 532 (7th Cir. 2017) (affirming dismissal for lack of prudential standing where complaint failed to allege injury to plaintiffs rather than third party); *G&S Holdings*, 697 F.3d at 542 (similar); *Llano Fin. Grp.,* 2016 WL 930660, at *4.

The Court notes that in the Auto Insurance Case, the necessity of sufficient factual allegations regarding an assignment of rights from an MAO to a Plaintiff applies with equal force to the breach of contract claim as it does to the MSP claim. While Plaintiffs claim that the MAOs have subrogation rights pursuant to Medicare regulations to pursue their Medicare beneficiaries' breach of contract claims against Defendants, the complaint still fails to plead facts sufficient to establish that the MAOs then properly assigned those rights to Plaintiffs. The complaints in both the Auto Insurance Case and the Tort Settlement Case are therefore dismissed in their entirety

---

[9] *MAO-MSO Recovery II, LLC v. Mercury General*, Case Nos. CV 17-02525 and CV 17-2557 (C.D. Cal. Nov. 2, 2017) (dismissing claims for lack of Article III standing because Plaintiffs pleaded no facts to support the purported assignments); *MAO-MSO Recovery II, LLC v. Farmers Ins. Exch.*, Case Nos. 2:17-cv-2522 and 2:17-cv-2559 (C.D. Cal. Nov. 20, 2017) (same); *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, Case No. 17-cv-20946 (S.D. Fla. Jan. 3, 2018) (same); *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto Ins. Co.*, Case Nos. 1:17-cv-01537 and 1:17-cv-01541 (C.D. Ill. Jan. 9, 2018) (same); *MAO-MSO Recovery II, LLC v. Am. Family Mutual Ins. Co.*, Case Nos. 17-cv-175-jdp and 17-cv-262-jdp (W.D. Wis. Feb. 12, 2018) (dismissing claims for lack of prudential standing because Plaintiffs pleaded no facts to support the purported assignments); *MAO-MSO Recovery II, LLC v. Nationwide Mutual Ins. Co.*, Case Nos. 2:17-cv-263 and 2:17-cv-164 (S.D. Ohio Feb. 28, 2018) (dismissing claims under 12(b)(6) because plaintiffs failed to adequately plead that they are assignees of various MAOs' recovery and reimbursement rights). While five of these seven courts frame their conclusion as one regarding Plaintiffs' failure to sufficiently plead Article III—rather than prudential—standing, Defendants here have not made an Article III standing argument. And, on its own analysis, the Court finds that Plaintiffs have sufficiently pleaded bare-bones allegations of injury-in-fact so as to clear the constitutional standing hurdle. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016) (for a court's constitutional standing analysis, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim'" of standing) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "That a complaint has satisfied Article III's case or controversy requirement does not necessarily mean that the plaintiff can overcome the prudential standing hurdles." *FMC Corp. v. Boesky*, 852 F.2d 981, 988 (7th Cir. 1988).

without prejudice to Plaintiffs filing amended complaints containing additional factual allegations regarding the alleged assignments.

**II.  Merits**

Given that the complaints are dismissed without prejudice, the Court will briefly touch on the merits in an attempt to conserve time and resources if Plaintiffs do choose to re-plead. With respect to their MSP provision claims, Plaintiffs suggest that to state a claim, they are only required to allege: (1) "the Defendants were primary payers for a claim covered by Medicare; (2) the Defendants did not make the primary payment or reimburse the Medicare benefit provider for its payment; and (3) damages." (FAC I at ¶ 68; FAC II at ¶ 56; *see also* Auto Insurance Case, Pl.s' Br. in Opp. to Def.s' Mot. to Dismiss at 2, Dkt. No. 39 (citing *Humana Med/Plan, Inc. v. Western Heritage Insurance Company*, 832 F.3d 1229 (11th Cir. 2016) ("[A] plaintiff is entitled to summary judgment on a § 1395y(b)(3)(A) claim where there is no genuine issue of material fact regarding (1) the defendant's status as a primary plan; (2) the defendant's failure to provide for primary payment or appropriate reimbursement; and (3) the damages amount.")).)

But even under the relatively forgiving federal notice-pleading standards, the complaints fail to state a claim for relief because the complaints fail to plead any *facts* to satisfy these elements. "[I]t is not enough to give a threadbare recitation of the elements of a claim without factual support." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). Indeed, the complaints fail to allege sufficient facts to suggest even one instance where either Defendant violated the MSP provisions. For example, with respect to the first element—that "Defendants were primary payers for a claim covered by Medicare"—while the complaints state that Defendants are primary payers under the statute, they fail to plead any facts satisfying the remaining requirement regarding "a claim covered by Medicare." Satisfying this element requires

pleading of some factual matter to make the claim plausible—for example, that a particular individual received Medicare benefits through a particular MAO, that the individual also held a no-fault auto insurance policy with a particular Defendant, and that the individual was injured in an auto accident at a particular time and place and as a result received medical services covered by Medicare. But the complaints here do not plead facts suggesting anything of the sort, and without such factual allegations, Plaintiffs have not sufficiently alleged the first element of an MSP claim. *See, e.g., id.* ("A plaintiff may not escape dismissal of a contract claim, for example, by stating that he had a contract with the defendant, gave the defendant consideration, and the defendant breached the contract. What was the contract? The promises made? The consideration? The nature of the breach?"). Similarly, successfully pleading the second element requires facts alleging, for example, that the individual received medical services covered by Medicare, that a particular Defendant failed to pay for the medical services, that a particular MAO made conditional payment for the services under the statute, and that the MAO was not reimbursed by the particular Defendant that was a primary payer under the statute.

As discussed above with respect to Plaintiffs' failure to plead assignments of rights sufficiently, Plaintiffs' failure to plead even a bare minimum of facts is highlighted by the fact that the same Plaintiffs pleaded identical or nearly identical allegations in at least nine cases against different insurer defendants across the country.[10] Moreover, while Plaintiffs argue in their

---

[10] *See* footnote 7; *see also MAO-MSO Recovery II, LLC v. Erie Indemnity Co.*, Case No. 17-cv-00081 (W.D. Pa. 2017) (complaint voluntarily dismissed by plaintiffs while MTD was pending); *MAO-MSO Recovery II, LLC v. Infinity Prop. & Cas. Grp.*, Case No. 2:17-cv-00513-KOB (N.D. Ala. March 9, 2018) (denying defendants' motion to dismiss and granting defendants' alternative motion for a more definitive statement). For example, in *MAO-MSO Recovery II, LLC, et al. v. American Family Mutual Insurance Co. et. al.*, Case No. 17-cv-175-jdp, Mem. Op., Dkt. No. 59 (W.D. Wis. Feb. 12, 2018), the court granted defendants' motion to dismiss for lack of prudential standing and also analyzed the merits, reasoning that "Plaintiffs have not plausibly alleged that defendants were the primary payer of a particular medical expense, that defendants failed to pay a particular medical expense . . . that a particular MAO paid a particular claim, or that a particular beneficiary was a member of a particular MAO . . . . The complaints

opposition briefs that they are not required to plead more because Defendants are the party in possession of the information, this argument is belied by Plaintiffs' allegations in a case with identical claims but significantly more facts pleaded. Specifically, in *MAO-MSO Recovery II, LLC v. Government Employees Insurance Co.*, in a complaint that survived the defendant's motion to dismiss, Plaintiffs pleaded that:

> A Florida resident was a receiving [sic] Medicare benefits from the an [sic] MAO whose right to recover under the MSP act have [sic] been assigned to Plaintiffs. That person was involved in an automobile accident on April 25, 2014 that required medical services arising out of the use, maintenance, and/or operation of a motor vehicle . . . That person, however, at the time of the accident also possessed a PIP policy with the Defendant, which required payment of medical expesens [sic] up to the policy limit of $10,000. Defendant, however, did not pay or reimburse the MAOs for those expenses within the required time frame . . . . Additionally, the Defendant did not challenge the MAO's payment of those medical expenses as reasonable and necessary within the required time frame.

Mem. Op. and Order, Dkt. No. 43, *MAO-MSO Recovery II, LLC v. Gov't Employees Ins. Co.*, Case No. 17-cv-00964 (D. Md. Feb. 21, 2018) (notations in original) (quoting Am. Compl., Dkt. No. 28 at ¶¶ 55, 57). Plaintiff could have alleged similar facts for a representative claim in each of the cases before this Court, but did not do so.[11] Having not alleged anything of the sort in the complaints at issue here, the MSP claims fail to state a claim for relief and must be dismissed on this basis as well. *Bissessur*, 581 F.3d at 604 (affirming dismissal because "[a]llowing this case to proceed absent factual allegations that match the bare-bones recitation of the claims' elements would sanction a fishing expedition costing both parties, and the court, valuable time and resources."); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012) (affirming

---

read as if plaintiffs began with a conclusion that defendants owed them money and simply worked backwards to construct a legal theory that would support the conclusion. Even under the liberal pleading standard of Rule 8, more is required."

[11] The Court declines to opine on whether the quoted allegations would be sufficient to satisfy Plaintiffs' pleading requirements, but rather offers the excerpt to highlight that Plaintiffs could have alleged more facts in the complaints before this Court, but did not do so.

dismissal because the complaint contained only "threadbare recitals of the elements of the cause of action, supported by mere conclusory statements" and did not "allege enough factual content to support an inference" that the alleged statutory violation occurred); *Park v. Ind. Univ. Sch. Of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012) (similar).

With respect to the Auto Insurance Case, Plaintiffs' breach of contract claim similarly fails for the same reason. Substantive contract claims are governed by state law, but a breach of contract claim brought in federal court "is subject to the notice pleading requirements of Rule 8" and "must contain enough factual allegations 'to raise a right to relief above the speculative level.'" *Imagenetix, Inc. v. Walgreen Co.*, No. 11 CV 8277, 2012 WL 1231067, at *4 (N.D. Ill. Apr. 12, 2012) (quoting *Twombly,* 550 U.S. at 555). Where a breach of contract claim does not allege facts satisfying the elements of the claim, the claim must be dismissed. *See, e.g.*, *Bissessur,* 581 F.3d at 603 (affirming dismissal of contract claim where allegations "[fell] drastically short of providing the necessary factual details to meet the *Twombly* standard" because "[a]mong other things, it contains no facts concerning: (1) what, if any, promises the University made to Bissessur; (2) how these promises were communicated; (3) what Bissessur promised in return; or (4) how these promises created an implied contract."); *Imagenetix,* 2012 WL 1231067, at *5 (dismissing contract claim because "[r]egarding [factual allegations of] consideration and definite and certain terms, there is nothing. Even under the notice pleading standard of Rule 8, this is not enough"); *Streeter v. Semtech Corp.,* No. 1:16-CV-4314, 2016 WL 6395573, at *2 (N.D. Ill. Oct. 28, 2016) (dismissing contract claim because "Plaintiff recites the elements of contract formation . . . Plaintiff does not offer any specifics surrounding the actual contract but merely alleges one was formed, modified and that payment was required").

Here, the complaint contains such a dearth of factual allegations regarding the contracts between Defendants and their insureds that the Court does not even have a basis for analyzing the claim under any particular state's substantive contract law.[12] At the very least, though, Plaintiffs were required to plead some basic facts regarding the contracts themselves, the promises made, an insured's performance under the contract, and a Defendant's breach. *Id.* Because the complaint contains virtually no factual allegations regarding any contract, this claim must be dismissed without prejudice as well.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted. The complaints are dismissed without prejudice. Defendants' alternative motions to dismiss or strike class allegations are therefore denied as moot.

Dated: March 30, 2018

					  _____
					  Andrea R. Wood
					  United States District Judge

---

[12] Recall that the contracts alleged to have been breached are the underlying insurance policies between Defendants and their insureds.