IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MSPA CLAIMS 1, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 17-cv-01340 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff MSPA Claims 1 LLC has filed this putative class action against Defendant Allstate Insurance Company ("Allstate"), claiming to be the assignee of legal claims held by numerous unidentified Medicare Advantage Organizations ("MAOs"). Plaintiff seeks double recovery under the Medicare Secondary Payer provisions of the Medicare Act, 42 U.S.C. § 1395y(b)(2)–(3) ("MSPA" or "MSPA provisions") for reimbursement of medical expenses that the various MAOs paid on Allstate's behalf. This Court previously dismissed Plaintiff's First Amended Complaint for failure to plead facts showing that it is indeed the assignee of the rights at issue. *See MAO-MSO Recovery II, LLC v. Allstate Ins. Co.*, No. 17-cv-01340, 2018 WL 1565583 (N.D. Ill. Mar. 30, 2018). Plaintiff then filed a Second Amended Complaint ("SAC") (Dkt. No. 65). Now before the Court is Defendant's motion to dismiss the SAC, as well as Defendant's motion to dismiss or strike the class allegations contained in the SAC. (Dkt. Nos. 67, 68.) For the reasons explained below, both motions are denied.

## BACKGROUND

For the purposes of Defendant's motion to dismiss, the Court accepts as true the well-pleaded facts in the SAC and views them in the light most favorable to Plaintiff. *See Firestone*

*Fin. Corp. v. Meyer*, 796 F.3d 822, 826–27 (7th Cir. 2015). For present purposes, the Court also assumes familiarity with its March 30, 2018 Memorandum Opinion and Order ("March 30, 2018 Order").

According to Plaintiff, Allstate agreed to serve as the primary insurer for certain enrollees in its no-fault automobile insurance policies. After the enrollees were involved in automobile accidents that caused them to incur expenses for medical treatment, the MAOs paid the enrollees' expenses instead of Allstate. The MAOs thus had the right under the MSPA provisions to institute private actions against Allstate for reimbursement and double damages. Plaintiff claims to have obtained the MAOs' rights through a series of assignments and now seeks to enforce those rights against Allstate. Plaintiff also asserts a claim for breach of contract via subrogation of the enrollees' contractual rights, alleging that Allstate breached its no-fault automobile insurance contracts with the enrollees by failing to pay their medical expenses.

## DISCUSSION

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

I.  **Prudential Standing**

In its March 30, 2018 Order, the Court dismissed Plaintiff's claims after observing that Plaintiff had not included:

> any pleaded facts regarding the identity of the MAOs that assigned the rights; which Plaintiff received assignments from the MAOs; the date, format, or any other characteristic of the assignment; the actual rights assigned; or whether those assignments include claims against the particular Defendants named in the complaint.

*Allstate*, 2018 WL 1565583, at *4. In the SAC, Plaintiff has added two "exemplar claims" and pleaded facts regarding the assignment of rights for those claims. For example, in the first exemplar claim—the "F.A. Claim"—Plaintiff alleges that enrollee F.A. had purchased a Medicare Advantage plan issued and administered by a Management Service Organization ("MSO") called Interamerican Medical Center Group, LLC ("IMC"). (SAC ¶ 8.) On December 16, 2014, IMC irrevocably assigned all rights to recover conditional payments made on behalf of its enrollees, including F.A., to MSP Recovery. (*Id.* ¶ 15.) MSP Recovery, in turn, assigned its rights to Plaintiff. (*Id.* ¶ 16.) Similarly, in the second exemplar claim—the "N.M. Claim"— Plaintiff alleges that enrollee N.M. purchased a Medicare Advantage plan issued and administered by an MSO called Florida Health Care Plus ("FHCP"). (*Id.* ¶ 18.) On April 15, 2014, FHCP assigned its rights to La Ley Recovery Systems, Inc. ("La Ley"), which then assigned its rights to Plaintiff. (*Id.* ¶¶ 26–27.) Despite these new allegations, Allstate argues that Plaintiff nonetheless has not adequately pleaded an assignment of rights that establishes standing.

To establish standing, Plaintiff must allege sufficient factual matter, accepted as true, to nudge its claim that they are assignees of the rights at issue "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Llano Fin. Grp., LLC v. Lendzion*, No. 15 C 7091, 2016 WL 930660, at *4 (N.D. Ill. Mar. 11, 2016) (requiring plaintiff to "plead with the

3

clarity necessary to establish that it is actually the assignee of the claim it alleges"). "As a general rule, an assignment is a transfer of some identifiable property, claim or right from the assignor to the assignee. The assignment operates to transfer to the assignee all the right, title, or interest of the assignor in the thing assigned." *Owens v. McDermott, Will & Emery*, 736 N.E.2d 145, 155 (Ill. App. Ct. 2000). "Generally, no particular form of assignment is required; any document which sufficiently evidences the intent of the assignor to vest ownership of the subject matter of the assignment in the assignee is sufficient to effect an assignment." *Stoller v. Exch. Nat'l Bank of Chi.*, 557 N.E.2d 438, 443 (Ill. App. Ct. 1990).

As to the F.A. Claim, the Court finds that the agreement between IMC and MSP Recovery clearly contemplates an assignment. The agreement provides, "The parties agree that any rights conferred to [IMC] by Medicare Advantage plans either by statute, contract, and/or any other reason whatsoever will be administered by MSP Recovery . . . ." (SAC Ex. D at 3, Dkt. No. 65-4.) These terms sufficiently demonstrate IMC's intent to transfer its rights under the MSPA provisions to MSP Recovery. In the same way, the agreement between MSP Recovery and Plaintiff states:

> Assignor [MSP Recovery] desires to assign and transfer to Assignee [Plaintiff], and Assignee desires to acquire from Assignor, the Assigned Claims pursuant to the provisions of this Assignment . . . . Assignor hereby irrevocably assigns, transfer, conveys, sets over, and delivers to Assignee or its assigns any or all of Assignor's right, title, ownership and interest in and to all rights and entitlements, that Assignor has, may have had, or has asserted against third parties arising from or relating to the Claims.

(SAC Ex. E at 2, Dkt. No. 65-5.) Again, these terms plainly demonstrate MSP Recovery's intent to transfer those same rights to Plaintiff. Based on the relevant contractual language, the Court finds that Plaintiff has adequately pleaded a series of assignments originating with IMC.

4

The Court reaches the same conclusion as to the N.M. Claim. The agreement between FHCP and La Ley provides:

> By way of this agreement, [FHCP] appoints, directs and otherwise assigns all of [FHCP]'s rights as it pertains to the rights pursuant to any plan, State or Federal statute whatsoever directly and/or indirectly for any its members and/or plan participants. The parties agree that any rights conferred to [FHCP] by Medicare Advantage plans either by statute, contract and/or any other reason whatsoever will be administered by La Ley Recovery . . . .

(SAC Ex. H at 1–2, Dkt. No. 65-8.) This language clearly evidences FHCP's intent to assign its rights to La Ley. And the agreement between La Ley and Plaintiff contains the same exact language as the one that Plaintiff entered into with MSP Recovery, expressing La Ley's intent to assign its rights to Plaintiff. (SAC Ex. I at 1, Dkt. No. 65-9.) Taken together, Plaintiff's new allegations allow the Court to "infer the who, what, and when of the assignments" and are thus sufficient to establish standing. *MAO-MSO Recovery II, LLC v. Mercury Gen.*, No. 2:17-cv-02525-AB (AJWx), 2018 WL 3357493, at *6 (C.D. Cal. May 23, 2018).

Allstate contends that what Plaintiff characterizes as assignments are in fact contingency fee agreements, which would defeat Plaintiff's standing. But the Supreme Court has expressly rejected the argument that an assignee has no standing simply because the assignment agreement contains a recovery-sharing provision. *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74 (2008) (holding that assignees had standing to bring claims on behalf of assignor even though they agreed to remit all proceeds of suits to assignor); *see also Grede v. Bank of N.Y. Mellon*, 598 F.3d 899, 900 (7th Cir. 2010) ("Indeed, a claim's assignee may sue even when the claim was assigned for the purpose of collection . . . ."); *MSP Recovery Claims, Series LLC v. Farmers Ins. Exch.*, No. 2:17-cv-02522-CAS (PLAx), 2018 WL 5086623, at *12 (C.D. Cal. Aug. 13, 2018) (rejecting defendant's argument that assignment is contingency fee agreement that cannot confer standing).

5

Allstate also asserts a factual challenge to this Court's exercise of jurisdiction over the F.A. Claim, arguing that the assignment from IMC to MSP Recovery is invalid because IMC is not on the government list of MAOs. "A factual challenge contends that there is *in fact* no subject matter jurisdiction, even if the pleadings are formally sufficient." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (emphasis in original) (internal quotation marks omitted). "In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id.* But here, the Court sees no reason to consider Allstate's proffered evidence, because the mere fact that IMC is not an MAO would not necessarily bar Plaintiff from bringing a claim under the MSP provisions. The language of the statute creates a private cause of action and lists *examples* of entities that may bring suit, but it does not limit enforcement to solely the enumerated entities. *See Mercury Gen.*, 2018 WL 3357493, at *6 (noting that although courts have recognized the ability of Medicare beneficiaries, MAOs, and medical providers to assert claims under the MSPA provisions, it "does not automatically follow that the statute *only* applies in those circumstances" (emphasis in original)); *Farmers*, 2018 WL 5086623, at *15 ("[The MSPA] creates a private cause of action but provides no limitation as to the types of entities that may bring suit."). Importantly, the injury that Plaintiff "alleges is likely to be redressed through the litigation" against Allstate is no different than the injury asserted by Medicare or an MAO under the statute. *Sprint*, 554 U.S. 287; *see also Farmers*, 2018 WL 5086623, at *15 ("[F]irst tier and downstream entities . . . would also suffer financial injury when an insurer fails to make a required primary payment.").[1]

---

[1] Other courts have similarly concluded that the MSP provisions do not bar first tier and downstream entities such as Plaintiff from bringing suit. *See, e.g.*, *Farmers*, 2018 WL 5086623, at *15; *Mercury Gen.*, 2018 WL 3357493, at *6. Yet the Court acknowledges that other federal courts faced with this question have reached the opposite conclusion. *See, e.g.*, *MSPA Claims I, LLC v. Liberty Mut. Fire Ins. Co.*, 322 F. Supp. 3d 1273, 1283 (S.D. Fla. 2018) ("Because none of the Assignors are an MAO, a Medicare beneficiary, or a medical provider that directly treated the Medicare beneficiaries in these claims, and thus

6

Allstate raises a factual challenge to the N.M. Claim as well, arguing that FHCP went into receivership and that the receiver expressly rejected FHCP's assignment of its rights to La Ley. But rather than providing any evidence, Allstate asks this Court simply to credit the factual findings of the district court in *MSPA Claims 1, LLC v. Covington Specialty Insurance Co.*, 212 F. Supp. 3d 1250, 1256 (S.D. Fla. 2016), a different lawsuit initiated by Plaintiff. The Court declines to do so and instead observes that Plaintiff attached to its SAC a copy of the settlement agreement between the FHCP receiver and La Ley, which states:

> [T]he Assigned Claims may be assigned by and among any of the companies collectively referred herein as 'La Ley,' and the Receiver acknowledges that any assignment of the rights described hereunder by or among those companies collectively referred to as 'La Ley' occurring prior to the execution of this Settlement Agreement shall be valid and enforceable.

(SAC Ex. J at 9, Dkt. No. 65-10.) Based on this exhibit, the Court sees no reason to find the assignment of the N.M. Claim to be invalid.[2]

In summary, Plaintiff has sufficiently alleged that it holds valid assignments regarding both the F.A. and N.M. claims. The Court therefore declines to dismiss Count I for lack of standing.

---

lack standing to bring a private cause of action under the MSPA, Plaintiffs also lack standing to bring a claim under Section 1395y(b)(3)(A) based on the purported assignment of rights from the Assignors."); *see also MSPA Claims I, LLC v. Infinity Prop. & Casualty Grp.*, No. 2:17-cv-513-KOB, 2019 WL 1238852, at *8 (N.D. Ala. Mar. 18, 2019) (holding the same).

[2] Allstate also attaches two declarations as an exhibit to its reply brief, which purportedly indicate what policies were in effect for F.A. and N.M. at the time of their respective automobile accidents. (Reply in Support of Def.'s Mot. to Dismiss Ex. C, Dkt. No. 76-3.) Defendant claims these declarations prove it "did not even issue the insurance policies applicable to these individuals." (Reply in Support of Def.'s Mot. to Dismiss at 4.) The Court fails to see how Defendant drew this conclusion from the declarations.

### II. The MSPA Claim

Allstate also argues that Count I of the SAC, which asserts a claim under the MSPA provisions, fails to state a claim upon which relief can be granted.

To satisfy the pleading requirements, a MSPA plaintiff must allege: (1) the defendant's status as a primary payer for a claim covered by Medicare, (2) the defendant's failure to make the primary payment or appropriate reimbursement to the Medicare benefit provider, and (3) damages. *See Allstate*, 2018 WL 1565583, at *5; *see also Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1239 (11th Cir. 2016). Allstate contends that Plaintiff has not sufficiently pleaded Allstate's "demonstrated responsibility" as a primary payer for a claim covered by Medicare. (Def.'s Mem. of Law in Support of its Mot. to Dismiss at 5–6, Dkt. No. 67.) But Plaintiff need only plead "some factual matter to make the claim plausible—for example, that a particular individual received Medicare benefits through a particular MAO, that the individual also held a no-fault auto insurance policy with . . . Defendant, and that the individual was injured in an auto accident at a particular time and place and as a result received medical services covered by Medicare." *Allstate*, 2018 WL 1565583, at *5.

In the SAC, Plaintiff has pleaded that F.A. was enrolled in a Medicare Advantage plan issued and administered by IMC. (SAC ¶ 8.) After a car accident in Florida on July 25, 2014, F.A. sustained injuries including an abrasion to her shoulder and arm, a bone fracture, hypertension, and other malaise and fatigue. (*Id.* ¶ 9.) F.A. received "reasonable and necessary" medical services, including basic life support and X-rays of her chest and shoulder. (*Id.* ¶¶ 10, 49.) The medical providers issued bills for payment to IMC, and IMC paid approximately $5,000. (*Id.* ¶ 11.) At the time, F.A.'s insurance policy with Allstate included no-fault coverage

8

for personal injury medical payments up to $10,000. (*Id.* ¶ 12.) However, Allstate did not reimburse IMC. (*Id.* ¶¶ 13–14.) [3]

These factual allegations are adequate for Allstate to understand that Plaintiff's claims are based on Allstate's role as the primary payer of a claim covered by Medicare. *See, e.g.*, *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1359–60 (11th Cir. 2016) ("The plain language of the MSP Act indicates that at least some contractual obligations . . . are sufficient to demonstrate responsibility. We see no reason that . . . insurance contracts—should be treated differently."); *Mercury Gen.*, 2018 WL 3357493, at *8 ("Here, Plaintiffs have alleged that Defendant's no-fault insurance contracts render Defendant responsible for primary payment of the expenses Plaintiffs seek to recover. These allegations are sufficient to demonstrate responsibility at the pleading stage.").

Allstate also argues that Plaintiff has not affirmatively pleaded certain conditions required for recovery under the MSPA provisions. Specifically, Allstate points out that under the MSPA, medical providers must first bill no-fault insurer primary payers, such as Allstate, and also have reason to believe that payment will not be made promptly before billing secondary payers such as IMC and FHCP. Allstate contends that Plaintiff is thus required to allege why and how the medical providers made this decision with respect to F.A.'s and N.M.'s injuries. But Allstate has not cited any authority for its position that to state a claim under the MSPA provisions, a plaintiff must make such affirmative pleadings or otherwise risk dismissal. To the contrary, a "'conditions precedent' argument is an affirmative defense for which [Allstate] bears the burden of proof." *Kinesoft Dev. Corp. v. Softbank Holdings Inc.*, 139 F. Supp. 2d 869, 889 (N.D. Ill. 2001). Moreover, multiple courts evaluating this type of claim have held that simply

---

[3] Plaintiff has also included parallel factual allegations for the N.M. Claim. (*Id.* ¶¶ 18–23.)

9

alleging that the MAOs made conditional payment is sufficient. *See, e.g.*, *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 17-cv-01537-JBM-JEH, 2018 WL 3420796, at *7 (C.D. Ill. July 13, 2018) ("The Second Amended Complaint alleges that (1) State Farm is considered a primary payer, and (2) MSP Claims 1, LLC's assignor paid for O.D.'s medical expenses in amount of $11,060.58, but State Farm should have paid for these expenses or reimbursed the assignor for conditional payment and failed to do so. These allegations satisfy Rule 8's liberal pleading requirements."); *Mercury Gen.*, 2018 WL 3357493, at *8 ("Under the MSPA, the obligation to reimburse Medicare arises when a primary insurer is demonstrated liable, not when it is informed of its duty to pay."); *MAO-MSO Recovery II, LLC v. Gov't Emps. Ins. Co.*, No. PWG-17-711, 2018 WL 999920, at *12 (D. Md. Feb. 21, 2018) ("[B]y alleging that Plaintiffs' MAOs made conditional payments, Plaintiffs also have alleged that items or services for which payments were made were reasonable and necessary."). Plaintiff here has alleged that, in both F.A. and N.M.'s situations, the medical providers issued bills for payment of covered medical expenses to the MAOs, which then made conditional payments in Allstate's stead but did not receive any reimbursements. (SAC ¶¶ 11, 15, 21, 26.) Plaintiff has also alleged that in both situations, Allstate was aware of the enrollee's accident and resulting medical bills. (*See* SAC ¶¶ 13, 23.) Based on these allegations, Court finds that Plaintiff has adequately pleaded Count I and denies Allstate's motion to dismiss.[4]

---

[4] In so holding, the Court does not reach the question of whether Plaintiff is barred from recovery if Allstate later successfully proves that the medical providers did not comply with the MSPA by first seeking payment from Allstate as the primary payer. Nor does the Court accept or reject Plaintiff's argument that "once a Medicare Payer makes a payment for medical items and services on behalf of an enrollee, the payment is conclusive proof that the items and services were reasonable and necessary." (SAC ¶ 48.) Instead, at this stage of the litigation, the Court merely holds that Plaintiff need not affirmatively plead that the medical providers complied with the MSPA to assert a claim under § 1395y(B)(2)(ii) adequately.

### III. The Breach of Contract Claim

In Count II, Plaintiff asserts a claim for breach of contract based on Allstate's alleged failure to fulfill its contractual obligations to enrollees such as F.A. and N.M. pursuant to their no-fault insurance policies. Plaintiff's breach of contract claim is based on 42 C.F.R. § 411.24(e), which provides that MAOs have the same rights of enforcement under the MSPA as Medicare, including "a direct right of action to recover from any primary payer." 42 C.F.R. § 411.24(e). Plaintiff contends that when the MAOs assigned their rights, that assignment included the MAOs' rights to assert a breach of contract claim on behalf of the enrollees against Allstate. Plaintiff accordingly seeks to hold Allstate liable for breaching the no-fault insurance agreements held by enrollees such as F.A. and N.M.

Allstate, for its part, argues that the SAC is devoid of factual allegations regarding the no-fault insurance agreements. But Plaintiff has alleged that both F.A. and N.M. had contracted with Allstate for no-fault automobile insurance policies and that Allstate subsequently breached the contracts when it "failed and/or refused to make complete payments of the Enrollees' accident-related expenses as required by its contractual obligations." (SAC ¶¶ 9, 19, 79.) These allegations are sufficient to put Allstate on notice of the nature of Plaintiff's breach of contract claim. The Court also observes that Plaintiff attached to the SAC copies of Allstate's records documenting F.A.'s and N.M.'s accidents, the names of the reporting entities, the types of insurance offered, and the claim numbers assigned to the accident. (*See* SAC Exs. B, G, Dkt. Nos. 65-2, 65-7.)

Allstate also contends that Plaintiff has not established an assignment or series of assignments stemming from the enrollees. Put differently, Allstate claims that Plaintiff must show that the enrollees expressly transferred their rights to sue Allstate for breach of contract to

11

Plaintiff. But Allstate's position runs directly contrary to the language of 42 C.F.R. § 411.24 and § 422.108, two regulations promulgated by the Centers for Medicare and Medicaid Services. Again, § 411.24(e) confers upon MAOs a "direct right of action to recover from any primary payer." And § 422.108(f) provides that MAOs may "exercise the same rights to recover from a primary plan, entity, or individual that the Secretary exercises under the MSP regulations." Therefore, based on the valid assignment of rights from the MAOs to Plaintiff, it naturally follows that Plaintiff may assert the same right of subrogation as the MAOs. *See, e.g.*, *State Farm*, 2018 WL 3420796, at *8; *Mercury Gen.*, 2018 WL 3357493, at *11; *MSPA Claim I, LLC v. Scottsdale Ins. Co.*, No. 16-22965-CIV-MORENO/O'SULLIVAN, 2017 WL 3835879, at *4 (S.D. Fla. June 30, 2017).

    **IV.**    **The Class Allegations**

In a separate motion, Allstate alternately moves to dismiss or strike Plaintiff's class allegations. Plaintiff defines its putative class as follows:

> All Medicare Advantage Organizations, First Tier Entities, Downstream Entities or their assignees ("MA Plan"), that provide benefits under Medicare Part C in the United States of America and its territories and that made payments for a Medicare beneficiary's medical expenses, where [Allstate]:
>     (1) is the primary payer by virtue of having a contractual obligation to pay for the items and services that are required to be covered by the policy of insurance of the same Medicare Beneficiaries that are also covered by an MA plan; and
>     (2) failed to pay for the items and services or otherwise failed to reimburse the MA Plan or its assignees for the medical items and services related to the claims on behalf of the Medicare Beneficiaries.

Federal Rule of Civil Procedure 23(c)(1)(A) requires a federal district court to rule at "an early practicable time after a person sues or is sued as a class representative . . . whether to certify the action as a class action." It is well-established that "a motion to strike class allegations . . . is an appropriate device to determine whether the case will proceed as a class action." *Cholly v. Uptain Grp., Inc.*, No. 15 C 5030, 2017 WL 449176, at *3 (N.D. Ill. Feb. 1,

2017); *see also Kasolo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) ("A court may deny class certification even before the plaintiff files a motion requesting certification."). Indeed, in certain circumstances, it will be apparent from the complaint that the class allegations are "facially and inherently deficient" and therefore class certification is inappropriate. *Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014); *see also Lee v. Children's Place Retail Stores, Inc.*, No. 14 C 3258, 2014 WL 5100608, at *1 (N.D. Ill. Oct. 8, 2014). Where that is the case, a motion to strike class allegations may be ruled on before class discovery or before the plaintiff moves for class certification. *Valentine v. WideOpen West Fin., LLC*, 288 F.R.D. 407, 414 (N.D. Ill. 2012).

  A motion to strike class allegations is evaluated under Federal Rule of Civil Procedure 23, rather than Federal Rule of Civil Procedure 12(f). *Buonomo*, 301 F.R.D. at 295. That means the plaintiff must satisfy each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—before a class may be certified. *Valentine*, 288 F.R.D. at 414. Rule 23(a) performs a gate-keeping function for all class actions, and a plaintiff must satisfy each requirement of Rule 23(a) before the Court's analysis may proceed. *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 374 (7th Cir. 2015). Once the plaintiff has satisfied Rule 23(a), he must also meet at least one of Rule 23(b)'s provisions. *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *2 (N.D. Ill. Nov. 30, 2010). In undertaking the Rule 23 inquiry, the Court "does not presume that all well-pleaded allegations are true and can look beneath the surface of the complaint." *Id.*; *see also Lee*, 2014 WL 5100608, at *2. Courts in this District disagree as to which party shoulders the burden of persuasion when the propriety of class certification is raised by means of a motion to strike class allegations. *Compare Rysewyk v. Sears Holdings Corp.*, No. 15 CV 4519, 2015 WL 9259886, *8 (N.D. Ill. Dec. 18, 2015) ("Unlike with

a motion for class certification, defendants, as the movants, bear the burden of persuasion on their motion to strike.") *with Wright*, 2010 WL 4962838, at *2 ("Even when the defendant initiates the court's review of class allegations, the burden remains on the plaintiff to establish that the suit may be maintained as a class action."). For the purposes of this motion, the Court proceeds as if the burden rests with Allstate as the movant.

Allstate first contends that Plaintiff impermissibly proposes an unascertainable "fail-safe" class. A fail-safe class is "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012). "Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Id.* As a preliminary matter, the Court finds that, despite some confusing wording in Plaintiff's proposed class definition, Plaintiff does not in fact seek to create a fail-safe class. Indeed, Plaintiff acknowledges in the SAC that a common question amongst class members is "whether Defendant failed to comport with its statutory duty to pay or reimburse the assignors pursuant to [the MSP provisions]." (SAC ¶ 58b.) Moreover, the Seventh Circuit has instructed district courts to solve the problem of a fail-safe class by "refining the class definition rather than by flatly denying class certification on that basis." *Id.*; *see also Mullins v. Direct Dig. LLC*, 795 F.3d 654, 660 (7th Cir. 2015) ("The key to avoiding [a fail-safe class] problem is to define the class so that membership does not depend on the liability of the defendant."). The Court acknowledges that Plaintiff's proposed class definition may need to be further refined before the class can be certified. *See Mullins*, 795 F.3d at 660 ("[C]lass definitions generally need to identify a particular group, harmed during a particular time frame, in a particular location, in a particular way."). Nonetheless, the Court declines to dismiss or strike Plaintiff's class allegations

for this reason. *See, e.g.*, *State Farm*, 2018 WL 3420796, at *10 ("A class could potentially consist of beneficiaries (1) who had the same or very similar automobile insurance policies with State Farm and, (2) who unquestionably had medical services paid for by Medicare, and where (3) State Farm had failed to reimburse Medicare for those services.").

Allstate also claims that multiple individualized inquiries will be required to establish whether Allstate was obligated to pay or reimburse the medical provider. For example, Allstate argues that each putative class member must prove that the enrollee's medical expenses were reasonable, necessary, and related to the automobile accident. Allstate asks the Court to find that due to these individualized inquiries, Plaintiff cannot possibly establish predominance. Plaintiff, for its part, argues that such individualized inquiries are unnecessary because an MAO's payment on behalf of an enrollee serves as "conclusive proof" that the provided medical services were reasonable and necessary.

But whether the individualized inquiries identified by Allstate preclude class certification is a factual dispute that can only be resolved after discovery. *See e.g.*, *Blankenship v. Pushpin Holdings, LLC*, No. 14 C 6636, 2015 WL 5895416, at *15 (N.D. Ill. Oct. 6, 2015); *Buonomo*, 301 F.R.D. at 298. And "[i]f the dispute concerning class certification is factual in nature and discovery is needed to determine whether a class should be certified, a motion to strike the class allegations at the pleading stage is premature." *State Farm*, 2018 WL 3420796, at *11; *see also Smith v. State Farm Mut. Auto. Ins. Co.*, No. 13-cv-2018, 2015 WL 13658072, at *3 (N.D. Ill. Jan. 13, 2015).

Ultimately, at this stage of the litigation, the Court is not persuaded based on the allegations in the SAC alone that class certification is inappropriate. Any further determination

of whether Plaintiff can establish the basis for class certification is premature. For now, the Court denies Allstate's alternative motion to dismiss or strike Plaintiff's class allegations.

## CONCLUSION

For the foregoing reasons, Allstate's motion to dismiss the SAC and alternative motion to dismiss or strike the class action allegations are both denied.

ENTERED:

Dated: September 11, 2019

Andrea R. Wood
United States District Judge